SCHOTT, Chief Judge.
After a bench trial defendant was convicted of possession of cocaine in violation of LSA-R.S. 40:967 and sentenced under the Habitual Offender Law, R.S. 15:529.1, to three years.
Police Officers Lauman and De Lucca testified that they saw the defendant leaning into an automobile stopped in the middle of the street; he was holding a plastic bag of white objects. When they approached him, he discarded the bag in a nearby lot. The officers retrieved the bag which was found to contain thirty packages of “crack” cocaine.
Defendant denied any connection with the cocaine and claimed he was collecting cans when the police arrested him. Regi *744 nald Knight, an eighteen year old with no previous convictions as an adult, testified he was the one who was selling cocaine at this location and he had discarded the bag when he heard the police were coming. He stated that he did not know the defendant, but had seen him in the neighborhood picking up cans. He also stated that he decided to confess because he was the one who had committed the crime, not the defendant.
Two other individuals testified for the defendant: They saw Knight selling drugs and the defendant collecting cans in the area. When the police came Knight ran off and the police arrested the defendant. One of the witnesses had known defendant for about a month and had worked with him. The other said he was not personally acquainted with the defendant but had seen him around the neighborhood.
By his first assignment of error, defendant argues the trial court erred in failing to allow Annie Harrison to testify for him that one week after his arrest the police stopped him and threatened to plant an illegal substance on him. The trial court correctly excluded this testimony as irrelevant under C.E. art. 401 because it does not tend to prove the existence of any fact which is of consequence to determine whether it is more or less probable that defendant committed the crime. This assignment is without merit.
By his other assignment, defendant contends the evidence was insufficient to prove his guilt beyond a reasonable doubt. He points to some minor discrepancies in the testimony of the policemen and claims that his witnesses were more credible than the policemen were.
On appeal, the evidence is viewed in the light most favorable to the prosecution pursuant to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This necessarily requires the appellate court to accept the trial court’s resolution of conflicts in the testimony. To do otherwise would totally disrupt the orderly process of adjudication which universally confers on the trier of fact the function of evaluating the credibility of the witnesses.
We may wonder why Knight would come forward and confess to the defendant’s crime and why these two alleged disinterested witnesses would corroborate his story, but the same questions were presented to the trial judge and he resolved them against the credibility of these witnesses. The reasons for his doing so may relate to the impression he had of the two police officers and the defense witnesses as they appeared on the witness stand before him. The cold record before the appellate court does not necessarily give the same impression of the quality of the witnesses who testified.
We have considered whether our conclusion that the evidence is sufficient to support a conviction is consistent with State v. Mussall, 523 So.2d 1305 (La.1988). There the court in reversing the conviction held that the entire record must be considered in weighing sufficiency of the evidence and not merely the state’s evidence. In Mussall the only evidence against the defendant was the uncorroborated testimony of the victim. The court found that his story of the events leading up to the robbery and the crime itself were incredible and insufficient to support the conviction when compared to defendant’s evidence. In the present case two police officers testified without equivocation that they had their eyes on the defendant from the time he sold drugs until he discarded the bag and they arrested him. The trial judge believed them despite the testimony of defendant and his witnesses. Mussall does not authorize this court to make an independent credibility call.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.